The Honorable Randy Bryant State Representative 14138 DeGraff Road Rogers, Arkansas 72756
Dear Representative Bryant:
This is in response to your request for an opinion regarding A.C.A. §8-6-205(a)(3) (Supp. 1995), concerning the disposal of solid waste. Specifically, you pose the following questions:
 Is it legal for an individual to dispose of their own solid waste, generated from their own household activities on their own land? If so, must this waste be buried?
The relevant statute provides as follows:
(a) It shall be illegal for any person:
* * *
 (3) To dispose of solid wastes at any disposal site or facility other than a disposal site or facility for which a permit has been issued by the department. However, no provision of this subchapter shall be construed so as to prevent an individual from disposing of solid wastes resulting from its own household activities on his own land if the disposal does not create a public or private nuisance or hazard to health and does not violate a city ordinance or other law and does not involve the open dumping of garbage.
As can be seen from the statute above, state law does not flatly prohibit the disposal of solid waste from an individual's household activities on his own land. In response to your question, therefore, it is legal in at least some circumstances to dispose of such household waste on one's own land. The statute prohibits such disposal, however, if a public or private nuisance or a hazard to health would be created thereby. The disposal of solid waste on one's own property is also prohibited if it violates a city ordinance or any other law, and the disposal must not involve the open dumping of garbage. These exceptions to the general legality of disposing of household waste on one's own land must necessarily involve factual determinations — i.e. it will be a question of fact in each instance as to whether a particular disposal of household waste creates a public or private nuisance or a hazard to health, or involves the open dumping of garbage. Additionally, the question of whether the disposal violates a city ordinance or other law would require reference to the ordinances of the particular city at issue, and to the particular facts surrounding the disposal. For example, it may violate the "Arkansas Air Pollution Control Code" to engage in open burning of garbage, depending upon whether the city or unincorporated area is served by a readily available solid waste collection service. See on this topic Ops. Att'y Gen. 95-130 and 94-144. I have found no general requirement, however, of burial of garbage in order to comply with the statute above. Presumably some other methods of disposal could, depending upon the facts, be proper if such methods do not create nuisances or health hazards. Composting, if done properly, may be cited as an example. Again, however, all of the facts surrounding the disposal of the solid waste would have to be considered to arrive at a conclusion as to whether a particular landowner's action is lawful. State law does not render all such conduct illegal however.
The foregoing opinion, which I hereby approve, was prepared by Deputy Attorney General Elana C. Wills.
Sincerely,
WINSTON BRYANT Attorney General
WB:ECW/cyh